### In re SMITH.

Court of Customs and Patent Appeals.
December 19, 1929.

Patent Appeal No. 2170.

See also 36 F. (2d) 302.

Burnham C. Stickney, of New York City (L. H. Campbell, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge. This is an appeal from the decision of the Assistant Commissioner of Patents, rejecting the application of appellant and refusing to give him a patent for an invention which involved two claims, of which claim 2 is illustrative and reads as follows:

2. "A web-typing equipment including a typewriting machine having a revoluble platen and typing instrumentalities, flat carbon-stripping blades, a plurality of webs threaded through said stripping blades, each of said stripping blades displaceably mounted at one end and extending transversely between the web-plies, and carbon sheets attached to said stripping blades, each of said carbon sheets extending to the typing line and including a reserve folded into a compact package with its flat stripping blade as a core."

The claim of appellant was denied for substantially the same reasons by the Examiner, the Examiners in Chief, and the Assistant Commissioner. In the decision of the Assistant Commissioner, the following language of the Examiner is quoted with approval:

"This application discloses the use, in a typewriter of the form disclosed by Smith, of carbon sheets of greater length than is desired for manifolding, the surplus length being wound about the carbon carrying blades, so that when the portion in use is exhausted, the carbon holding blade may be detached, the surplus unwound and the used end torn off, thus providing fresh carbon paper.

"No change in the machine structure is provided or claimed. No specific length of carbon paper is provided or claimed. Standard webs and carbon paper are used. The user of the machine selects excess length carbon sheets, winds them upon the usual carbon holder, places them in position between the webs and uses them in the ordinary manner.

"The question at issue, as understood by the Examiner, is whether a patent can properly be granted for so placing the carbon sheet upon the carbon holder, this act to be performed by the user of the machine.

"It is held that the owner or user of the Smith machine is entitled to all uses of the machine, and while the manner of use claimed has not been described in the patent, this use is merely one for which the machine is adapted and which comes within the uses for which the machine was originally intended.

"A patentee is not entitled to a new or additional patent whenever a user asks for information as to how he can use his machine to a better advantage and the patentee devises a way of so using his patented machine without any change therein, as stated in applicant's paper #6. The new way is merely a function of the old machine and is not patentable as such.

"The claims purport to be for equipment but no new equipment is furnished. The user of the Smith machine, before the alleged invention, had the same equipment that he needs to use the machine in the way disclosed in the present application. He has the machine, he has the work webs, and he has the carbon paper. When he wishes to use the machine, in addition to clamping the end of the carbon sheet in the holder as usual he wraps any desired part of it around the holder. He needs no new or different equipment. He gets nothing from the manufacturer, either in machine, material or rights, that he did not have when he purchased the patented Smith machine and supplies therefor."

At the close of the opinion of the Assistant Commissioner we find the following:

"I will add that the cited patents show it to be old to draw the superposed webs or continuous sheets from a reserve; and that to draw the carbon sheets from a reserve as portions thereof become exhausted, would be in the light of said patents, 'a mere carrying forward of new or more extended application of the original thought,' which is not such invention as will sustain a patent. Smith v. Nichols, 21 Wall. 112, 22 L. Ed. 566."

We approve of the above-quoted views so aptly expressed, and, when considered with the references, which are Smith, No. 1,117,-546, March 28, 1916, and Wernery & Smith, No. 1,132,055, March 16, 1915, we are confirmed in the correctness of the conclusion reached by all of the tribunals below that considered this case.

The appealed claims read directly upon the patent to Wernery and Smith, supra, except that the carbon paper is wound upon the flat blade supporting it. There is no invention in winding carbon paper upon the flat blade. It would be the obvious thing for any operator of such a machine to do.

The decision of the Assistant Commissioner is affirmed.

Affirmed.